IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAZIM CAUSEVIC, on behalf of plaintiff and the classes defined below, <br><br>　　　　　Plaintiff, <br><br>　　vs. <br><br>DIRECT ENERGY SERVICES, LLC, and DOES 1-10, <br><br>　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff Cazim Causevic brings this action to secure redress from unlawful telemarketing practices engaged in by defendant Direct Energy Services, LLC and Does 1-10. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§1331 (federal question), 1337 (commerce), and 1367 (supplemental jurisdiction).

3. Venue and personal jurisdiction in this District are proper because:

　　a.　Defendant's communications were received by plaintiff within this District;

1

      b.      Defendant transacts business within this District.

## PARTIES

4.      Plaintiff Cazim Causevic is an individual who resides in the Northern District of Illinois.

5.      Defendant Direct Energy Services, LLC is a Delaware limited liability company. Its registered agent and office is Corporate Creations Network, Inc., 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, DE 19810.

6.      Defendants Does 1-10 are other persons responsible for the calls detailed below.

## FACTS

7.      Plaintiff Cazim Causevic's landline number XXX-XXX-9800 is on the National Do Not Call Registry and has been on it since July 16, 2004.

8.      On May 2, 2018 and May 3, 2018, plaintiff received a series of telephone calls to his landline number from 877-341-7635. Below is at least a partial list of the telephone calls received:

      a.      May 2, 2018 at 7:25 p.m. (Exhibit A)

      b.      May 3, 2018 at 11:17 a.m. (Exhibit B)

      c.      May 3, 2018 at 3:27 p.m. (Exhibit C)

9.      Each of the calls placed to plaintiff's landline number from 877-341-7635 was placed on behalf of Direct Energy.

10.      Direct Energy used a third party to place the phone calls to plaintiff's landline number.

11.      On information and belief, at least one of the calls was placed using predictive

dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a live person.

12. When plaintiff answered a couple of the calls, there was a distinct pause before a live person came on the line, a characteristic of a predictive dialer.

13. When a live person came on the line, the person stated they were from Direct Energy and sought to help plaintiff reduce his electricity bill.

14. Plaintiff did not authorize the automated placement of calls or telephone solicitations to his landline number.

15. Plaintiff did not furnish his landline number to defendants.

16. Plaintiff and each class member is entitled to statutory damages.

17. Defendants violated the TCPA even if their actions were only negligent.

18. Defendants should be enjoined from committing similar violations in the future.

## COUNT I -- TCPA -- AUTOMATED TELEMARKETING CALLS TO RESIDENTIAL NUMBERS

19. Plaintiff incorporates paragraphs 1-18.

20. The TCPA, 47 U.S.C. §227(b), provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

> **(1) Prohibitions.** It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>
>> **(B)** to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the

3

> Commission under paragraph (2)(B); . . .

21. Defendants violated the TCPA by placing automated calls to plaintiff's residential landline number.

22. The TCPA, 47 U.S.C. §227(b), further provides:

> **(3) Private right of action** A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph . . . .

## CLASS ALLEGATIONS

23. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

24. The class consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received a telephone call made by or on behalf of defendant Direct Energy Services, LLC, (d) on a residential landline (e) placed using an automated dialer or a pre-recorded or artificial voice.

25. The class is so numerous that joinder of all members is impractical. Plaintiff

alleges on information and belief, based on the use of automated dialing equipment, that there are more than 40 members of the class. Purchasing or contracting for the use of automated dialing equipment makes no sense unless in excess of 40 calls are made.

26. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of using automated equipment to place calls to residential telephone numbers;

    b. The manner in which defendants obtained the telephone numbers;

    c. Whether defendants thereby violated the TCPA.

27. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

28. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual theories.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30. Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue*

*Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012).

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    i. Statutory damages;

    ii. An injunction against further automated calls to residential telephone numbers;

    iii. Costs of suit; and

    iv. Such other or further relief as the Court deems just and proper.

## COUNT II -- TCPA -- DO NOT CALL VIOLATIONS

31. Plaintiff incorporates paragraphs 1-18.

32. The TCPA authorizes the FCC to issue regulations providing for a "do not call" list which telemarketers must consult before making telemarketing calls to residences, whether using automated equipment or not.

33. The regulations, 47 C.F.R. §64.1200(c), provide that:

**No person or entity shall initiate any telephone solicitation to: . . .**

**(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such**

do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. ...

34. A private right of action for "do not call" violations is conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC.

35. 47 U.S.C. §227(c)(5) provides:

(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--

   (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

   (B) an action to recover for actual monetary loss from such a violation, or to receive up to $ 500 in damages for each such violation, whichever is greater, or

   (C) both such actions.

It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection.

If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

36. Defendants violated the TCPA by placing calls to plaintiff's residential number when it was on the do not call list.

## CLASS ALLEGATIONS

37. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

38. The class consists of (a) all persons (b) who had their residential telephone number(s) registered with the Do Not Call Registry, (c) to which defendants made more than one telephone call, (d) promoting defendant Direct Energy Services, LLC's products or services, (e) on or after a date 4 years prior to the filing of this action, and (f) within any 12-month period, (g) where defendants' records do not show that they provided prior express consent to receive such calls.

39. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

40. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. The manner in which defendants obtained the telephone numbers;

    b. Whether defendants systematically made telephone calls to persons whose telephone numbers were listed on the National Do Not Call Registry; and

    c. Whether defendants thereby violated the TCPA.

41. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

42. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual theories.

43. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

44. Several courts have certified class actions under the TCPA.

45. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

   i. Statutory damages;
   ii. An injunction against further calls to telephone numbers on the Do Not Call list;
   iii. Costs of suit; and
   iv. Such other or further relief as the Court deems just and proper.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

46. Plaintiff incorporates paragraphs 1-18.

47. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by:

   a. Making unauthorized telemarketing robocalls to plaintiff's landline number.

        b.      Calling residential numbers on the Do Not Call list.

48. Defendants' conduct is contrary to public policy, as set forth in the TCPA.

49. Plaintiff and the putative class members suffered damages in the form of monies paid to receive the unsolicited, automated robocalls, wear on telephone equipment, consumption of electricity, and annoyance. In addition, their statutory right of privacy was also invaded.

50. Defendants engaged in such conduct in the course of trade and commerce.

51. Defendants' shifting of marketing costs to plaintiff and the class members in this manner makes such practice unfair.

52. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

53. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

54. The first class consists of (a) all persons with telephone numbers in Illinois area codes (b) who, on or after a date 3 years prior to the filing of this action, (c) received a telephone call made by or on behalf of defendant Direct Energy Services, LLC, (d) on a residential landline (e) placed using an automated dialer or a pre-recorded or artificial voice.

55. The second class consists of (a) all persons with telephone numbers in Illinois area codes (b) who had their residential telephone number(s) registered with the Do Not Call Registry, (c) to which defendants made more than one telephone call, (d) promoting defendant Direct Energy Services, LLC's products or services, (e) on or after a date 3 years prior to the

filing of this action, and (f) within any 12-month period, (g) where defendants' records do not show that they provided prior express consent to receive such calls.

56. Each class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of each class.

57. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

  a. Whether defendants engaged in a pattern of using automated equipment to place calls to residential telephone numbers;

  b. Whether defendants systematically made telephone calls to persons whose telephone numbers were listed on the National Do Not Call Registry; and

  c. The manner in which defendants obtained the telephone numbers;

  d. Whether defendants thereby violated the ICFA.

58. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

59. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

60. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring

individual actions.

61. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    i. Actual damages;

    ii. Punitive damages;

    iii. An injunction against further violations;

    iv. Attorney's fees and costs of suit; and

    v. Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\35293\Pleading\Complaint DAE_Pleading.WPD

# EXHIBIT A



# **EXHIBIT B**



# **EXHIBIT C**

